Lauriat, J.
The defendant, Roger Blanchette (“Blanchette”) brought a counterclaim against plaintiff Axton-Cross Company, Inc. (“Axton-Cross”) alleging defamation (Counts I, II, III, IV), interference with advantageous business relations (Count V), and violation of G.L.c. 149, §148. Axton-Cross has now moved to dismiss Counts II, IV, V, and VI of Blanchette’s counterclaim, pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons which follow, the plaintiffs motion to dismiss is allowed in part and denied in part.
BACKGROUND
Axton-Cross is a Delaware corporation with its principal place of business in Holliston, Massachusetts. On April 28, 1994, Blanchette received a letter from Axton-Cross informing him that his employment had been terminated.[1] The letter was signed by Herman Galvin (“Galvin”), the Chairman of the Board of Directors of Axton-Cross. The April 28, 1994 letter states in relevant part,
On numerous occasions since your appointment as Chief Executive Officer (“CEO”) of Axton Cross Company, Inc. (the “Company”), you have abused your authority and seriously breached your fiduciary responsibility to the Company. While serving as CEO, you approached competitors of the Company and made statements that put the Company in the worst possible light. You represented to competitors that if they hired you, you would take customers and valuable vendor relationships from the Company to your new employer.
Blanchette alleges that Galvin subsequently read the text of the April 28, 1994 letter to employees and customers of Axton-Cross. Blanchette contends that this letter and its subsequent publication by Galvin constitute defamation (Counterclaim, Count II). Axton-Cross asserts that the April 28, 1994 letter is a privileged communication from an employer to its employee, and therefore, not actionable.
On May 13, 1994, Axton-Cross’s outside counsel, Paul P. Daley (“Daley”), sent a letter to Blanchette’s new employer, the G.M. Gannon Co., Inc. (“Gannon Co.”). The May 13, 1994 letter states in relevant part,
The Complaint [against Blanchette] alleges, among other things, that Mr. Blanchette has breached his fiduciary and other duties to Axton-Cross, among other ways: (i) by physically misappropriating documents which contain confidential business information of Axton-Cross: (ii) by offering to provide this and other confidential business information to certain of Axton-Cross’s competitors: and (iii) by using this confidential business information to interfere with Axton-Cross’s customer and supplier relations.
Please be advised that your company is not presently named as a defendant in the above-referenced lawsuit. Please also be advised, however, that your company could be exposed to substantial liability if it makes use of the confidential business information which Mr. Blanchette has misappropriated from Axton-Cross.
Blanchette alleges that the contents of the May 13, 1994 letter are defamatory. (Counterclaim, Count IV.) In addition, Blanchette alleges that, by causing the May 13, 1994 letter to be sent, Axton-Cross and Galvin improperly interfered with Blanchette’s advantageous business relations with Gannon and its customers and suppliers. (Counterclaim, Count V.) Axton-Cross contends that the May 13, 1994 letter is a privileged communication from an attorney to a potential defendant. Axton-Cross therefore contends that both Blanchette’s defamation claim and his claim for improper interference with advantageous business relations, which is based on the May 13, 1994 letter, must be dismissed.
In his counterclaim, Blanchette further seeks unpaid wages and vacation pay. (Counterclaim, Count VI.) Axton-Cross contends that this claim must be dismissed because Blanchette has failed to file a complaint with the Office of the Attorney General and to receive the Attorney General’s written approval to bring a private claim for unpaid wages as required by G.L.c. 149, §148.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
I.
Axton-Cross contends that the April 28, 1994 letter is privileged and, thus, Count II of Blanchette’s complaint should be dismissed. “An employer has a conditional privilege to disclose defamatory information concerning an employee when the publication is reasonably necessary to serve the employer’s legitimate interest in the fitness of an employee to perform his or her job.” Foley v. Polaroid Corp., 400 Mass. 82, 94 (1987), quoting Bratt v. International Business Machs. Corp., 392 Mass. 508, 509 (1984). “With a qualified or conditional privilege, a defendant is protected unless he abuses the privilege.” Judd v. McCormack, 27 Mass.App.Ct. 167, 173 (1989); see Ezekiel v. Jones Motors Co., 374 Mass. 382, 385-86 (1978); Galvin v. *648 New York, N.H. & H.R.R., 341 Mass. 293, 297 (1960); Restatement (Second) of Torts §599 (1977). “The privilege may be abused by an unnecessary, unreasonable, or excessive publication of the defamatory matter.” Galvin, supra at 297.
The April 28, 1994 letter, by itself, falls within the scope of an employer’s privilege. The letter is a reasonably necessary communication to serve Axton-Cross’s legitimate interest in providing its employee with the reasons for his termination. However, Galvin’s alleged publication of the letter to Axton-Cross customers and non-managerial employees does not appear to serve any legitimate business interest. Rather, a trier of fact could reasonably find that Galvin’s alleged actions in publishing the letter to various third parties rise to the level of an “unnecessary, unreasonable, or excessive” publication sufficient to constitute an abuse of the privilege. Without commenting on the merits of Blanchette’s claim, the court concludes that, because the publication of Galvin’s letter to customers and employees could destroy Axton-Cross’s conditional privilege, Blanchette states a cognizable claim for defamation. Accordingly, dismissal is not proper on Count II of Blanchette’s counterclaim.
II.
Axton-Cross contends that Counts IV and V of Blanchette’s counterclaim should be dismissed pursuant to Sriberg v. Raymond, 370 Mass. 105 (1976). In Sriberg, the Supreme Judicial Court adopted the rule that “[a]n attorney at law is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as part of a judicial proceeding in which he participates as counsel, if it has some relation thereto.” Sriberg, supra at 108, quoting Restatement of Torts, §586 (1938) (emphasis added). The Court in Sriberg further stated that “(w]here a communication to a prospective defendant relates to a proceeding which is contemplated in good faith and which is under serious consideration, it is our view that the privilege should attach.” Sriberg, supra at 109.
The language of the May 13, 1994 letter does not indicate that Daley had in fact seriously considered any type of a judicial proceeding against Gannon Co. Rather, the letter states that Gannon Co. “could be exposed to substantial liability if it makes use of the confidential business information which Mr. Blanch-ette has misappropriated from Axton-Cross.” (Emphasis added.) As Blanchette contends, the policy behind the privilege discussed in Sriberg is to permit the parties to a dispute to articulate their positions prior to suit without fear of future accusations of defamation. Sriberg, supra at 108. Daley’s communications to Gannon Co. cannot be characterized as the prelude to a seriously considered legal proceeding, because presumably, Gannon Co. had not yet done anything which Daley considered inappropriate. Because Sriberg does not contemplate a situation where an attorney’s defamatory letter serves only to threaten litigation in order to discourage the recipient from engaging in certain conduct, the court cannot conclude, as a matter of law, that the May 13, 1994 letter was a privileged communication. See also Smith v. Suburban Restaurants, Inc., 374 Mass. 528, 531 (1978) (where “there is no indication that the attorney seriously contemplated a judicial proceeding in good faith,” privilege is not available as a matter of law); Kipp v. Kueker, 7 Mass.App.Ct. 206, 210 (1979) (when “on the face of the pleading it is not completely clear that the alleged defamatory statements were made in preparation for, or preliminary to, a proposed judicial proceeding . . . plaintiff has to be given the benefit of the doubt under rule 12(b)(6) standards”). Dismissal of Count IV of Blanchette’s counterclaim is therefore inappropriate. Consequently, the court has no basis for dismissing Count V of Blanchette’s counterclaim, which alleges that the delivery of the May 13, 1994 letter constitutes an interference with an advantageous business relationship.
III.
In Count VI of his counterclaim, Blanchette seeks to recover unpaid wages and vacation pay pursuant to G.L.c. 149, §148. Blanchette has failed, however, to satisfy the statutory prerequisites for bringing a private civil claim for alleged violations of G.L.c. 149, §148. G.L.c. 149, §150, which governs complaints for violations of §148 states in relevant part,
Any employee claiming to be aggrieved by a violation of section one hundred forty-eight. . . may, at the expiration of ninety days after filing a complaint with the attorney general, or sooner if the attorney general assents in writing, and within three years of such violation, institute and prosecute in his own name ... in a civil action for injunctive relief and any damages incurred . . .
G.L.c. 149, §150 (1993).
Blanchette does not allege any facts which indicate that he has filed a complaint with the Attorney General or that he has received the Attorney General’s written approval to bring a private civil claim for violations of G.L.c. 149, §148. Thus, because Blanchette has failed to comply with the statutory prerequisites for bringing a private claim under G.L.c. 149, § 148, Count VI must be dismissed.
ORDER
For the foregoing reasons, the Plaintiff Axton-Cross Company, Inc.’s Motion to Dismiss Counts II, IV, and V of the Defendant’s Counterclaim is DENIED. The Plaintiff Axton-Cross Company, Inc.’s Motion to Dismiss Count VI of the Defendant’s Counterclaim is ALLOWED.

 Blanchette had been employed with Axton-Cross for approximately twenty years prior to his termination.