Hillman, J.
INTRODUCTION
Plaintiff John Daly (“Daly”) brings this action to recover damages from Defendant Norton Company (“Norton”). Daly alleges claims of wrongful discharge, wrongful withholding of an earned employment bonus, negligent infliction of emotional distress, loss of health care benefits and loss of vacation pay. Norton has moved to dismiss Daly’s claims pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons discussed below, Norton’s motion is ALLOWED IN PART AND DENIED IN PART.
BACKGROUND
Daly commenced his employment at Norton in late 1997 as a product manager. On or about October 27, 1998, Daly tendered a written notice of resignation to Norton. This resignation was not to become effective until January 4, 1999. On November 20, 1998, Norton terminated Daly’s employment. Daly contends that his discharge was wrongful, that he suffered wrongful withholding of an earned employment bonus, negligent infliction of emotional distress, loss of health care benefits and loss of vacation pay.

DISCUSSION

When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), this Court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Fairneny v. Svogran Co., 422 Mass. 469, 470 (1996); Eval v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “[T]he complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonneir v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
“[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville 378 Mass. at 89. See also C.M. v. P.r., 420 Mass. 220, 231 (1995). Further, a complaint should not be dismissed simply because it asserts a new or extreme theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 934 (1983); Bell v. Mazza, 394 Mass. 176, 183 (1985). All inferences *675 should be drawn In the plaintiffs favor in the complaint “so as to do substantial justice.” Ourfalian v. Aro Mfg. Co., Inc., 31 Mass.App.Ct. 294, 296 (1991). With those analytical principles in mind, we now turn to an assessment of the components of this case.

A.Wrongful Discharge (Count I, Complaint)

First, Daly alleges a claim of wrongful discharge against Norton. Massachusetts is an employment-at-will state, meaning that an employer has the right to discharge an employee “at any time for any reason or for no reason at all,” provided that the discharge does not violate a contract of employment or a state or federal law. Upton v. JWO Businessland, 425 Mass. 756, 757 (1997). Two narrow exceptions exist to the employment at will doctrine: (1) where the plaintiffs discharge constituted a breach of the implied covenant of good faith and fair dealing, and (2) where the plaintiffs discharge violated a clearly expressed public policy. See Glaz v. Ralston Purina Co., 24 Mass.App.Ct. 386, 389 (1987); Tenedlos v. Wm. Filene’s Sons Co., 20 Mass.App.Ct. 252, 254-55 (1985).
In his complaint, Daly does not allege any facts suggesting that he had an employment contract with Norton. Daly, therefore, was an employee at will. Daly’s complaint has alleged no facts that implicate either the public policy exception or the implied covenant of good faith exception to the employee-at-will doctrine. Consequently, Norton could have terminated Daly’s employment at any time for any reason or for no reason at all. Accordingly, this Court dismisses Daly’s claim for wrongful discharge.

B.Wrongful Withholding of Earned Employment Bonus (Count II, Complaint)

Next, Daly alleges that he earned an “employment bonus” and that Norton has refused to pay him this bonus. G.L.c. 149, §150 governs compensation claims and provides in pertinent part:
Any employee claiming to be aggrieved [with regard to wages, hours, or commissions] may, at the expiration of ninety-days after the filing of a complaint with the attorney general, or sooner, if the attorney general assents in writing, and within three years of such violation, institute and prosecute in his own name and on his own behalf ... a civil action for injunctive relief and any damages incurred . . . (Emphasis added.)
Through this provision, Massachusetts law mandates that all compensation claims must be filed with the Office of the Massachusetts Attorney General before any court may adjudicate such claims. Daly, therefore, must either file a complaint with the attorney general or seek the attorney general’s written permission before filing a claim for unpaid compensation in this Court. Consequently, Count n of Daly’s complaint will be dismissed.

C.Negligent Infliction of Emotional Distress (Count III, Complaint)

Third, Daly contends that Norton is liable for negligent infliction of emotional distress because Norton terminated Daly’s family Health Insurance Benefits on the date Norton terminated Daly. Norton, however, contends that G.L.c. 152, §24, more commonly known as the Exclusivity Bar of the Workers’ Compensation Act, bars Daly’s claim for negligent infliction of emotional distress. This Court agrees with Norton’s contention that G.L.c. 152, §24 bars Daly’s claim for negligent infliction of emotional distress.
G.L.c. 152, §24 provides in pertinent part: “An employee shall be held to have waived his right of action at common law ... in respect to an injury that is compensable under this chapter, to recover damages for personal injuries ...” Furthermore, the Supreme Judicial Court has held that the exclusivity provision of the Workers’ Compensation Act bars emotional injuries resulting from a bona fide personnel action. Green v. Wyman-Gordon Co., 422 Mass. 551, 558-562 (1996). Daly claims that Norton’s refusal to extend Daly’s health insurance benefits and Norton’s refusal to provide Daly with information concerning the continuation of his health insurance benefits after Norton terminated Daly’s employment caused Daly to suffer emotional distress. G.L.c. 152, §24 bars Daly’s claim for negligent infliction of emotional distress because this claim results from termination of Daly’s employment, a bona fide personnel action. Consequently, Daly’s claim for negligent infliction of emotional distress will be dismissed.

D.Loss of Health Care Benefits (Count TV, Complaint)

Daly, in the fourth count of his complaint, alleges that he suffered a loss of health care benefits as a result of his wrongful termination. Norton, however, argues that this Court lacks subject matter jurisdiction over this claim because the Employment Retirement Income Security Act of 1974 (“ERISA”) preempts any state law that may apply to employee benefit plans and because ERISA grants the federal courts exclusive jurisdiction to adjudicate claims regarding employee benefit plans. Although ERISA does preempt state law that applies to employee benefit programs, this Court has the power to adjudicate Daly’s claim for loss of health care benefits.
ERISA is a federal regulatory scheme covering pension and welfare benefit plans. ERISA applies to any employee benefit plan established by an employer engaged in commerce. 29 U.S.C. §§1001-1461. Any employee aggrieved by the administration of such a plan may file a civil action as provided under the terms of ERISA:
A civil action may be brought by a participant or beneficiary ... to recover benefits due him under the terms of his plan, to enforce his rights under *676 the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
29 U.S.C. §1132(a)(l)(B).
29 U.S.C. 1132(e) provides that state courts share concurrent jurisdiction with the federal district courts to hear civil brought actions under 29 U.S.C. §§1132(a)(1)(B). Daly claims that he is a beneficiary of an employee benefit plan and has brought a claim to recover benefits due to him under that plan. This Court, therefore, pursuant to 29 USC 1132(e), has the power to adjudicate this claim. Consequently, count IV of Daly’s complaint will not be dismissed.
Although this Court has the power to adjudicate Daly’s claim, ERISA pre-empts any state law that applies to an employee benefits plan. ERISA provides:
The provisions of this subchapter and sub chapter III of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(b) of this title.
29 U.S.C §1144(a). This Court, therefore, would have to apply ERISA as interpreted by the federal courts when adjudicating Daly’s claim. This holding, however, should in no way affect Norton’s ability to remove this case to a federal district court pursuant to 28 U.S.C. §1441(a).

E. Loss of Vacation Pay (Count V, Complaint)

Finally, Daly claims that Norton failed to pay him vacation pay that he earned while working for Norton. As discussed above in section B, Massachusetts law provides that all wage and hour claims must be filed with the office of the Attorney General before they may be adjudicated in any court. See G.L.c. 149, §150. Count V alleges “loss of vacation pay” resulting from Daly’s alleged wrongful termination. For the purposes of G.L.c. 149, the word “wage” includes any holiday or vacation payments due an employee. G.L.c. 149, §148. Daly, therefore, must either file a complaint with the attorney general or seek the attorney general’s written permission before filing a claim for unpaid vacation pay in this Court. As a result, Count V of Daly’s complaint will be dismissed.

ORDER

For the foregoing reasons, Norton’s motion to dismiss will be DENIED with respect to Daly’s claim for loss of health care benefits set forth in Count V of Daly’s Complaint. Norton’s motion to dismiss, however, is ALLOWED with respect to all other counts.