Fecteau, J.
This matter is before the court on defendant’s, Norton Company, motion for summary judgment[1] seeking dismissal of all counts of the plaintiffs, John J. Daly, Amended Complaint. The defendant is a corporation doing business in the Commonwealth of Massachusetts. The plaintiff is an individual residing in the city of Wrentham, County of Norfolk, Commonwealth of Massachusetts. This action arises from the defendant’s termination of the plaintiff and a subsequent dispute over plaintiffs benefits. For the following reasons the defendant’s motion for summary judgment is ALLOWED.

FACTUAL BACKGROUND

In February 1995, the defendant hired the plaintiff to work in its Worcester, Massachusetts facility. After nearly a year, the plaintiff was transferred by the defendant, in January 1996, to work at its Albany, New York facility. In December 1997, the plaintiff voluntarily transferred to work as a Product Manager in the Rough Grinding Business Unit of defendant’s Worcester, Massachusetts facility. The plaintiff was employed in the Rough Grinding Business Unit for the remainder of his employment with the defendant.
For the duration of his employment at the Company, Plaintiff was an employee-at-will. The plaintiff was, however, as of 1998, eligible to participate in the defendant’s Management Incentive Compensation Program (“MICP”). The MICP states, in relevant part, that:
If you become an MICP participant after the start of the year, but on or before October 1, your award will be prorated to reflect the portion of the year that "you were a participant.
If you retire, become disabled or die during the year, any award due (prorated for the period of active service during the performance year) will be paid to you or your designated beneficiary. A prorated payout will also be earned in the event of the sale of the business, a plant closing or job elimination. No award is payable if you leave the company for any other reason.
In early November 1998, the plaintiff gave notice to the defendant that he intended to leave his job as of early January 1999, in order to start new employment at New England Container, Inc. in Smithfield, Rhode Island. Soon thereafter, on November 20, 1998, plaintiffs employment was terminated by the defendant.
Pursuant to the plaintiffs offer of employment, he was eligible to earn three weeks paid vacation in each year of employment beginning with his first year of employment. The plaintiff was paid all vacation pay that he earned in 1998. The plaintiff was not, however, paid any vacation pay for the 1999 calendar year.
The plaintiff began his full time employment at New England Container, Inc. during the first week of December 1998. The plaintiff did not receive an MICP bonus for the 1997 bonus year, as he was not eligible to participate in it due to his entrance into the program after October 1st of that year, nor did he receive an MICP bonus for the 1998 bonus year. As a result, the plaintiff in March of 1999 filed a civil action with this court alleging five claims against the defendant including, wrongful termination of employment (Count I), wrongful withholding of earned employment bonus (Count II), negligent infliction of emotional distress (Count III), loss of health care benefits (Count IV), and loss of vacation pay (CountV). On November 9, 1999, in response to the defendants filing its motion to dismiss, this Court issued an order dismissing all of plaintiffs claims except Count IV (loss of health care benefits). Counts II (wrongful withholding of earned employment bonus) and V (loss of vacation pay) were dismissed in order that Plaintiff could first file complaints with the Attorney General as required by G.L.c. 149, Sec. 150. 10 Mass. L. Rptr. 674. Subsequently, in April 2000, plaintiff filed an Amended Complaint, alleging three claims: wrongful withholding of earned employment bonus (Count I), loss of health care benefits (Count II), and loss of vacation pay (Count III).

DISCUSSION

Summary judgment shall be granted where there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving *636 party bears the burden of affirmatively demonstrating the absence of a triable issue and that, therefore, she is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). If the moving party establishes the absence of a triable issue, in order” to defeat a motion for summary judgment, the opposing party must respond and allege facts which would establish the existence of disputed material facts. Id.
A judge, when ruling on a motion for summary judgment must consider “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, in determining whether summary judgment is appropriate.” Flesner v. Technical Communications Corporation et al., 410 Mass. 805, 807 (1991). Where no genuine issue of material fact exists, “the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.” Id. citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
Initially, it must be noted that the plaintiff has chosen not to dispute the defendant’s motion as it relates to plaintiffs claim for loss of health care benefits (Count II of plaintiffs Amended Complaint). Thus, defendant’s motion for summary judgment is ALLOWED as to Count II of the plaintiffs Amended Complaint.
Next, we must deal with the plaintiffs claim that he was eligible for a bonus for the year 1998 under the MICP. Under the MICP an employee leaving the defendant may receive a bonus if they “become disabled or die during the year [in question or] in the event of the sale of the business, plant closing or job elimination.” An employee, however, may not receive a bonus for the same year in which they “leave the company for any other reason” than those previously mentioned.
The basic principles of law governing contract interpretation are well settled, and are not in dispute. The Court must consider “the particular language used against the background of other indicia of the parties’ intention," and must “construe the contract with reference to the situation of the parties when they made it and, to the objects sought to be accomplished . . . Not only must due weight be accorded to the immediate context but no part of the contract is to be disregarded.” Starr v. Fordham, 420 Mass. 178, 190 (1995) (citations omitted). Further, a contract “should be construed to give it effect as a rational business instrument and in a manner which will carry out the intent of the parties.” Id. at 192, citing Shane v. Winter Hill Fed. Sav. & Loan Ass’n, 397 Mass. 479, 483 (1986). The principle guide to contract interpretation is, of course, the language of the contract itself. “Words that are plain and free from ambiguity must be construed in their usual and ordinary sense.” Citation Ins. Co. v. Gomez, 426 Mass. 379, 381 (1998); Somerset Sav. Bank v. Chicago Title Ins. Co., 420 Mass. 422, 427 (1995).
In this case, the plaintiff initially gave a notice that indicated a desire on his part for a last day of employment with the defendant after the first of the year. As an employee-at-will, however, he had no right to remain employed with the defendant to any given date. The employer was not willing to accept the plaintiffs offer to work to the beginning of the next year and was then terminated by the defendant prior to that date and prior to the end of the calendar year. The plaintiff does not claim in his opposition to defendant’s motion that the relevant portions of the MICP are ambiguous such that this court should go beyond the plain meaning of the document’s words. Instead, the plaintiff appears to argue that his job was somehow eliminated such that he qualified for a bonus under one of the enumerated exceptions listed in the MICP. The plaintiff, however, has presented no evidence from which a reasonable juror could infer that the plaintiff fell into any of those categories under which the MICP allows for an employee to receive a bonus without having worked for the entire calendar year. He intended to leave the employ of the defendant. He initiated his separation from the company. That was the reason he left. His job was not eliminated. Moreover, the plaintiff seeks to torture the plain meaning of the final sentence of the proration portion of the policy: “[n]o award is payable if you leave the company for any other reason.” [Emphasis added.] The plaintiff implicitly argues that since he left the company on November 20, 1998, involuntarily, he did not leave; he seeks to give an isolated and hypertechnical meaning to the word “leave,” however, and fails to place the word in the context of the phrase in which it appears — "if you leave the company for any other reason." He implies that the word “leave” means a separation by his choice and initiation, as opposed to an involuntary separation. There is no issue of fact, however, concerning his intent to leave at some point, but that he intended to leave later in time than permitted by the defendant. He voluntarily relinquished his employment but the defendant accelerated the last day worked. Whether one leaves by choice or otherwise, since he does not qualify under one of the enumerated exceptions, he left for some other reason. He did not qualify for a proration since he neither retired, became disabled, died, nor was the business sold, a plant closed or his job eliminated. He left the company for another reason. He did not qualify for a full or prorated bonus and there is no genuine issue of material fact as to whether he did. The defendant is entitled as a matter of law to summary judgment on this issue.
Thus, the defendant’s motion for summary judgment as to Count I of Plaintiffs Amended Complaint is ALLOWED.
Finally, we must consider whether or not the plaintiff was eligible for vacation pay for 1999. The *637 defendant’s Employee Handbook for 1998 states, in relevant part, that, ”[a]s a full-time employee you will earn paid vacation for each full year of service” and “[n]o employee can carry over vacation accrual to the following year.” The defendant’s Supervisor’s Personnel Guide states further that “[elligible employees who leave the company will receive any unused vacation allowance based upon their seniority on the date of their termination and not as the last day of the year.”
It is undisputed that the plaintiff left the defendant’s employ in November of 1998 and did not work a single day for the defendant in 1999. The plaintiff in its opposition argues that the defendant’s policies, as stated in its Employee Handbook and Supervisor’s Personnel Guide, do not control this issue. The plaintiff, however, has failed to produce any evidence from which a reasonable juror might infer that the defendant’s vacation policy was something other than that expressed in its Employee Handbook and Supervisor’s Personnel Guide. Simply because the plaintiff may have been mistaken as to what his rights upon termination were, one can not assume that there are disputed issues of material fact in this matter. He was granted and used his vacation benefits for the calendar year of 1998. Thus, the defendant’s motion for summary judgment as to Count III of Plaintiffs Amended Complaint is ALLOWED.

CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the defendant’s, Norton Company, motion for summary judgment is ALLOWED.

Following issuance of the original memorandum, it came to the court’s attention that its ruling was inconsistently stated at the conclusion as being “denied” whereas the body indicates that it was “allowed.” This memorandum is intended to correct the inconsistency.