Houston, J.
The plaintiff filed this action against the defendants alleging violations of the Massachusetts Payment of Wages Statute, G .L.c. 149, §§149 & 150 (Count I), breach of contract (Count II), and violations of G.L.c. 93A (Count III). The defendants now move to dismiss Count I under Mass.R.Civ.P. 12(b)(1), and Counts II and III under Mass.R.Civ.P. 12(b)(6). For the following reasons, the defendants’ motion is ALLOWED in part and DENIED in part.
BACKGROUND
The plaintiff has raised the following allegations in his complaint.
Primetech Corporation (“Primetech”) is a Massachusetts business that has, or had at all times relevant to this decision, an ownership interest in Primetech Professional Services (“PPS”). Steven E. Pichette (“Pichette’’) is, or was at all times relevant to this decision, both the President, Treasurer, and Clerk of Primetech, as well as the Treasurer, and involved in the management, of PPS. JohnP. Dresser, Jr. (“Dresser”) is, or was at all times relevant to this decision, both the President of PPS, and involved in the management of Primetech.
In May 1997, Dresser informed the plaintiff that he was seeking to hire him as an employee, contingent on Primetech obtaining an initial client contract. Dresser also informed the plaintiff that if the contract was obtained, he would collect a salary during the contract’s performance. Dresser and the plaintiff agreed that the plaintiff would receive an annual salary of $50,000.00. The parties also agreed that the plaintiff would receive an annual salary of $75,000.00 if Primetech “contracted him out” to work with one of its clients.
Subsequent to this agreement, Primetech assigned the plaintiff to work with one of its clients, NEAD Trust Company (“NEAD”). In December 1997, Dresser informed the plaintiff that because of his efforts, Primetech would grant him a 5% interest in the company. The plaintiff resigned from Primetech on June 30,1998.
In December 1998, the plaintiff filed a Non Payment of Wage Complaint with the Massachusetts Office of the Attorney General (“Attorney General”). Under the heading “EMPLOYER INFORMATION,” the plaintiff listed Primetech and its business address, as well as Dresser as Primetech’s “President/Owner” and “Local Manager.” The plaintiff alleged that Primetech, and Dresser, failed to pay him wages in the amount of $41,346.00. In a letter dated December 21, 1998, the Attorney General granted the plaintiff the authority to commence a civil action for the recovery of such wages.
The plaintiff filed this present action for the recovery of wages under G.L.c. 149, breach of contract, and violations of G.L.c. 93A. In this suit, the plaintiff has named PPS, Dresser, and Pichette as defendants.[2] The defendants now move to dismiss Count I under Mass.R.Civ.P. 12(b)(1), and Counts II and III under Mass.R.Civ.P. 12(b)(6).
DISCUSSION
I. Violations of G.L.c. 149 (Count I)
A motion to dismiss for lack of subject matter jurisdiction based on factual insufficiency of the complaint should be granted where the plaintiffs allegations, even if taken as true, do not establish the Court’s jurisdiction to hear the claim. Ginther v. Commissioner of Insurance, 427 Mass. 319, 322 n. 6 (1998). When a plaintiff fails to comply with statutorily created prerequisites, a court lacks jurisdiction to hear the case. Nissan Motor Corp. in USA v. Commissioner of Revenue, 407 Mass. 153, 157 (1990).
The defendants argue that this Court does not have jurisdiction over the plaintiff s claim for violations of G.L.c. 149 because the plaintiff failed to include PPS and Pichette in his complaint to the Attorney General. In making this argument, the defendants compare G.L.c. 149’s requirement that a plaintiff file a complaint with the Attorney General prior to initiating a civil action with G.L.c. 15IB’s requirement that a plaintiff file a complaint with the Massachusetts Commission Against Discrimination (“MCAD”) prior to commencing a civil action for discrimination. The plaintiff claims that the statutory intent of these two laws are similar in the sense that they both establish procedures by which potential defendants are put on notice and are able to resolve problems before resorting to litigation in a civil action.
While the plaintiff may have properly stated the intent and purpose of MCAD filings, see Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996), it has failed to demonstrate to this Court, by citing to any case, statute, regulation, or otherwise, that the intents of the two statutes are identical. In fact, it appears that under G.L.c. 149 there is no requirement that the Attorney General investigate or attempt to conciliate claims. Instead, the purpose of a complaint under G.L.c. 149 is to give notice to the Attorney General, not *269 potential defendants, so that it may keep records of allegations against employers and determine whether or not to commence civil or criminal actions. Because of this difference, this Court may apply a more lenient standard of scrutiny than that under G.L.c. 15IB in evaluating the sufficiency of a G.L.c. 149 complaint.
Even if this Court were to use MCAD filings as an instructive guide, the established standard of determining the sufficiency of such a filing does not require that the plaintiff set forth with “literary exactitude” all of the facts and theories upon which her claim is based. See Lattimore, 99 F.3d at 464. A charge that puts a party’s conduct at issue and provides her with fair notice and an opportunity to participate in the MCAD proceeding permits that party to be named as a defendant in a later G.L.c. 151B action in court, although she was not specifically identified in the MCAD complaint. See Chapin v. University of Massachusetts at Lowell, 977 F.Sup. 72, 76-77 (D.Mass. 1997) (analysis of federal actions before the Equal Employment Opportunity Commission). See also King v. First, 46 Mass.App.Ct. 372, 374 (1999) (discussing, without expressly adopting, the federal rule that failure to name a party in the administrative complaint does not automatically bar the plaintiff from naming that party in a later court action); Avitable v. W.M. Gulliksen Mfg. Co., Inc., Civ. No. 00-3522A, 12 Mass. L. Rptr. 653 (Mass.Super.Ct. Feb. 20, 2001) (applying the above federal rule in Chapin, 977 F.Sup. at 72, as well as similar cases, to Massachusetts discrimination cases and MCAD practice).
Here, the plaintiff sufficiently placed all of the defendants on notice of a potential wage payment suit. He named Primetech and Dresser on the Attorney General complaint, thus giving notice to these two parties of the potential civil action. His naming of Primetech and Dresser was also sufficient to give notice to PPS. First, Primetech and PPS are closely related through the parent-subsidiary relationship, and it is likely that any adverse legal action taken against one would have an impact on both and would be realized by the other through the ordinary course of diligent business practice. Second, Dresser was involved in the management of both companies, and his knowledge of the complaint through his responsibilities with Primetech would carry over to his official capacities with PPS. In short, the Attorney General complaint provided PPS with notice of a potential civil action because of its closely-knit relationship with Primetech, including the fact that its officers and employees, especially Dresser, worked for both companies. Therefore, this Court has jurisdiction over PPS.
Pichette is, or was at all relevant times, allegedly involved in the management of both Primetech and PPS, and was the Treasurer of both companies. Because both Primetech and PPS are proper parties to the civil action, Pichette is an additional individual who is personally responsible for the payment of wages. See G.L.c. 149, §148. Therefore, this Court has jurisdiction over Pichette.[3]
II. Breach of Contract (Count II)
When evaluating the sufficiency of a complaint under Mass.R.Civ.P. 12(b)(6), this Court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. Quinn v. Walsh, 49 Mass.App.Ct. 696, 699 (2000); Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996). This Court’s analysis “must be based upon an indulgent reading of the complaint, including indulgence for the period of limitations.” Id.; see New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28, 29 (1988). “[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977). Similarly, a complaint should not be dismissed simply because it asserts a novel or extreme theory of liability or improbable facts. Jenkins v. Jenkins, 15 Mass.App.Ct. 934, 934 (1983).
Here, the plaintiff has sufficiently stated a claim for breach of contract. The plaintiff alleges that the parties made representations and promises with respect to his employment, and that they failed to live up to these promises. While the defendants argue that there are problems with the legal sufficiency of the plaintiffs claim, this Court finds that dismissal is not appropriate at this point, as he is entitled to raise novel and unique theories of liability through his pleadings.[4] Here, the plaintiff has adequately plead a claim for breach of contract.
III. Violations of G.L.c. 93A (Count III)
It is firmly established that disputes between employers and employees that stem from the employment relationship fall outside the scope of claims for violations of G.L.c. 93A. Manning v. Zuckerman, 388 Mass. 8, 12 (1983); Informix, Inc. v. Rennell, 41 Mass.App.Ct. 161, 162-63 (1996). Here, all of the plaintiffs claims stem from his employment relationship with the defendants. This Court, therefore, must dismiss the plaintiffs claim for violations of G.L.c. 93A.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion to dismiss be DENIED as to Counts I and II, and be ALLOWED as to Count III.

 The plaintiff originally included Primetech as a defendant, but withdrew his claims against it due to it filing a bankruptcy petition.

 This Court also notes that the Attorney General’s complaint form does not indicate that a plaintiff list all potential parties to the suit. It only asks for an employer, as well as the manager and president of that employer. It is not unreason *270 able for a plaintiff, after reading such a form, to include only the minimum necessary information required on the form's face.

 This Court finds that the defendants’ arguments with respect to this count are more appropriate for a motion for summary judgment.