Murphy, J.
Plaintiffs Crystal Salvas (“Salvas”) and Elaine Polion (“Polion”) brought this action against Wal-Mart alleging breach of contract, breach of covenant of good faith and fair dealing, promissory estoppel, conversion and violation of Massachusetts General Laws chapters 151 and 149. Wal-Mart now moves, pursuant to MassR.Civ.P. 12(b)(6) and 9(b) to dismiss and/or strike Count Nine of plaintiffs’ second amended class action complaint. For the following reasons, the defendant’s motion is DENIED.

BACKGROUND

Conventionally, the Court asserts all facts and inferences therefrom in favor of the plaintiffs for purposes of addressing the instant Motion. Salvas and Polion brought this action against Wal-Mart in August 2001. After filing the initial complaint, Salvas and Polion discovered evidence ofWal-Mart’s practice of deleting time from its employees’ payroll records. Of particular importance was a practice called the “one minute clock outs.” Salvas and Polion allege that when a Wal-Mart employee forgot to check out for the day or for a meal break Wal-Mart would automatically clock out these employees one minute after they had clocked in, thus depriving them of the hours they had worked. *650 After receiving this information, Salvas and Polion moved to amend their complaint to include a cause of action under G.L.c. 149. In support of their motion, Polion (her name in 2002 was Elaine Dumont), on August 19, 2002, wrote to the Office of the Attorney General requesting authorization to file a class action complaint against Wal-Mart. (Pis.’ Opp. to Mot. to Dismiss, Ex. 3.) The letter states that the enclosed complaint was premised on “Wal-Mart’s failure to pay its hourly paid employees wages and benefits because, among other things, Wal-Mart requires ‘off-the-clock’ work, fails to pay overtime properly, and fails to provide and pay for rest and meal breaks.” On September 6, 2002, Daniel S. Field, an Assistant Attorney General, granted Polion permission to sue. (Pis.’ Opp. to Mot. to Dismiss, Ex. 4.) When the plaintiffs decided to file their case in Superior Court, instead of Federal Court, they again wrote to the Attorney General’s Office and included a correctly captioned complaint. (Pis.’ Opp. to Mot. to Dismiss, Ex. 7.) The complaint lists Elaine Dumont and Crystal Salvas as plaintiffs.
In September 2004, this Court (Fahey, J.) granted plaintiffs’ motion, and on October 1, 2004, Salvas and Polion filed their Second Amended Complaint. Count Nine of the Second Amended Complaint includes a cause of action based on violation of G.L.c. 149, §148. In particular it alleges Wal-Mart’s practice of the “one minute clock out” and another practice of deleting certain time as described in a Wal-Mart videotape. It also alleges that Wal-Mart has actively and fraudulently concealed its wrongdoing.

DISCUSSION

Wal-Mart argues that Count Nine of the Second Amended Complaint must fail because Salvas and Polion have not complied with the statutory requirements of Massachusetts General Law c. 149, § 150 and because it was not pled with sufficient particularity.[2]

A. Statutory Requirements of G.L.c. 149, §150

Because the Court, in this complex matter, uses its discretion to consider matters outside the pleadings, it will treat the defendant’s motion to dismiss as a motion for summary judgment. Mass.R.Civ.P. 12(b). Summary judgment shall be granted where there are no issues of genuine material fact. NG Brothers Construction v. Cranney, 436 Mass. 638, 643-44 (2002); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of demonstrating affirmatively the absence of triable issues, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Massachusetts General Law c. 149, §150 states that a party may bring a private claim based on a violation of G.L.c. 149, §148 only ninety days after filing a complaint with the Attorney General or sooner if the Attorney General assents in writing. Wal-Mart makes three arguments as to why Salvas and Polion have failed to comply with this statute. First, Wal-Mart argues that the complaint must be dismissed because Salvas and Polion have failed to allege that they have satisfied the procedural requirements. Second, WalMart argues that Salvas cannot bring this cause of action because she personally did not receive a right to sue letter from the Attorney General. And third, Wal-Mart argues that the right to sue letter obtained by Polion in 2002 is insufficient to support the current cause of action.
1. Alleging Statutory Compliance in the Complaint
Salvas and Polion failed to allege in their complaint that they had obtained permission from the Attorney General’s Office to pursue their civil suit. However, they have provided the Court with evidence of such a letter. Wal-Mart has not provided the Court with any authority for the proposition that a complaint must be dismissed for a plaintiffs failure to allege satisfaction of the statutory prerequisites when the plaintiffs have, in fact, complied. See Daly v. Norton Co., No. 99452B, 1999 WL 1204011 at *2 (Mass.Super. Nov. 15, 1999) (10 Mass. L. Rptr. 674) (dismissing wage claim because plaintiff did not either “file a complaint with the attorney general or seek the attorney general’s permission before filing a claim . . .”); Axton-Cross Co. v. Blanchette, No. 942764H, 1994 WL 879570 at *4 (Mass.Super. Oct. 17, 1994) (2 Mass. L. Rptr. 646) (dismissing wage claim because plaintiff did not allege facts indicating that he had followed statutory requirements); Melley v. Gillette Corp., 37 Mass. 1004, 1004 (1986) (affirming dismissal of Chapter 151B claim because plaintiff failed to follow the statutory procedures); Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 286-87 (1985) (dismissing Chapter 93A claim for plaintiffs failure to “allege and prove” the sending of a demand letter, or, in the alternative, for an inadequate demand letter); Daniels v. Contributory Retirement Appeal Bd, 418 Mass. 721, 721-22 (1994) (affirming dismissal of administrative appeal because plaintiff failed to exhaust administrative remedies). Because the plaintiffs have demonstrated that they have, in fact, filed a complaint with the Attorney General and have received permission to sue from that office, the Court will not dismiss their complaint on the technical ground that they failed to allege this in their complaint.
2. Salvas’s Ability to Bring Suit
Wal-Mart argues that Salvas is prohibited from filing a private suit because the Attorney General only gave permission to Polion to proceed with the suit. However, Polion’s letter to the Attorney General’s office states that she was seeking permission to file a class action suit and the complaint filed with the Attorney General’s office clearly lists Crystal Salvas as a plaintiff. Moreover, the purpose of the filing requirements is to alert the Attorney General’s Office that a crime may be occurring. See Dunfey v. Primetech Professional Services, No. 992306, 2002 WL 388196 at *2 (Mass.Super. Jan. 4, 2002) (14 Mass. L. Rptr. 267); Nahigian v. Leonard, 233 F.Sup.2d 151, 164 (D.Mass. *651 2002). What is implicated in the legislative mandate is that the complaint adequately describe the substance of the abuse, not the parties involved. See Nahigian, 233 F.Supp.2d at 164. This brings us to Wal-Mart’s third argument.
3. Suffiency of the Attorney General’s Letter
Wal-Mart argues that the 2002 letter from the Attorney General’s office is insufficient to confer permission on Salvas and Polion to file suit under Count Nine of the complaint because Count Nine is based on “one minute clock out” evidence and not on the other evidence that supported plaintiffs’ original letter to the Attorney General. As noted in the footnote above, the Court (Fahey, J.) has clarified that the new wage claim need not be limited to the “one minute clock out” evidence. Furthermore, the Court finds that the plaintiffs’ letter, alerting the Attorney General to their claim that Wal-Mart had failed to pay its hourly paid employees wages and benefits and that Wal-Mart requires employees to work off the clock, is sufficient to give the Attorney General’s Office notice as to the nature of the crimes at issue. Wal-Mart has not provided the Court with any evidence suggesting that a plaintiff must submit a new letter to the Attorney General’s Office with each new discovery of evidence supporting a wage claim, nor, in the Court’s opinion, is the same required.
For the above reasons, Wal-Mart has failed to demonstrate that it is entitled to a judgment as a matter of law. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).

B. Particularity Requirement of Mass.RCiv.P. 9(b)

Salvas and Polion must plead fraudulent concealment with particularity. Mass.R.Civ.P. 9(b); Ciardi v. Hoffmann-LaRoche, No. 993244, 2000 WL 3312197 at *9 (Mass.Super. Sept. 29, 2000). Wal-Mart argues that they have failed to do so. The Court disagrees. Salvas and Polion have described with particularity at least one way in which they believe Wal-Mart has fraudulently concealed the deprivation of employees’ wages, the “one minute clock out.” They also make reference to a videotape that details a practice of deleting employee time. These facts detail fraudulent concealment with sufficient particularity for Rule 9 purposes.

ORDER

It is therefore ORDERED that the defendant’s motion to dismiss is DENIED.

Wal-Mart had brought a second Motion to Dismiss for plaintiffs’ alleged failure to conform the Second Amended Complaint to Judge Fahey’s order. Wal-Mart argued that Judge Fahey had limited the addition of a ninth cause of action to only certain evidence. However, since the time of Wal-Mart’s filing this motion, Judge Fahey has clarified that the wage claim need not be so limited. Thus, the Court deems Wal-Mart’s second motion to dismiss moot.